IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>A AO, BAOBEIJIADAO, DUOVODU, EVELLYHOOTD, FFFWPPSX, FUR2016, FUXINKEJI, GUANGZHOUZHANGSONGZIDIANZISHANGWUYOUXIANGONGSI, JIAXING YINGCI TRADING CO.,LTD, JINJIANGSHIPEIHANGDIANZISHANGWUYOUXIANGONGSI, KIDMI, KONG DEWEN2024, LI LIN QIANGUS, MAOZEYUSHNAGHANG, ONESLIPPERS, PEREZERY, RNASBE, SAN GOU SHOPPING, TD HAPPYHARBOR, VANILLA-1, WISHCOTTON, XIAOMAIDAM, XUAXONMO, BEST-DST, CYIECW, and GEGEFUR,<br><br>Defendants. | Case No. 25-cv-13065 |

## COMPLAINT

Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") hereby brings the present action against A AO, BAOBEIJIADAO, Duovodu, EVELLYHOOTD, FFFWPPSX, fur2016, fuxinkeji, guangzhouzhangsongzidianzishangwuyouxiangongsi, Jiaxing Yingci Trading Co.,Ltd, jinjiangshipeihangdianzishangwuyouxiangongsi, KIDMI, Kong Dewen2024, LI LIN QIANGUS, MAOZEYUSHNAGHANG, oneslippers, Perezery, RNASBE, San Gou Shopping, TD HappyHarbor, Vanilla-1, Wishcotton, XIAOMAIDAM, XUAXONMO, best-dst, cyiecw, and Gegefur ("Defendants") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since they directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores operating under the seller aliases (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using at least the Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold products featuring Deckers' trade dress to residents of Illinois. Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Deckers substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Deckers to combat e-commerce store operators who design, manufacture, import, distribute, advertise, market, offer for sale, and sell in the U.S. footwear products that infringe upon Deckers' "Tazz® Trade Dress" (the "Infringing Product"). Defendants have created e-commerce stores operating under at least the Seller Aliases that are designing, manufacturing, importing, distributing, advertising, marketing, offering for sale, and selling Infringing Products to unknowing consumers. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of

occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their operation. Deckers has filed this action to combat Defendants' infringement of its trade dress, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Deckers has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trade dress rights as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff Deckers Outdoor Corporation**

4. Plaintiff Deckers Outdoor Corporation is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business located in Goleta, California. Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975. Deckers owns and markets its footwear products under several distinctive trademarked brands, including UGG®.

5. Deckers is well-known throughout the United States and elsewhere as a source of high quality footwear products, including the famous UGG brand of premium comfort-leisure footwear (the "UGG Products"). UGG Products are distributed and sold to consumers through retailers throughout the United States, including over 100 authorized retailers in Illinois, the ugg.com website and UGG Concept Stores.

6. UGG Products have become enormously popular and even iconic, driven by Deckers' arduous quality standards and innovative design. Among the purchasing public, genuine UGG Products are instantly recognizable as such. In the United States and around the world, the

UGG brand has come to symbolize high quality, and UGG Products are among the most recognizable premium footwear products in the world.

7. For example, in 2000, UGG® boots were featured on Oprah's Favorite Things® where Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots." Since then, the popularity of UGG® footwear has grown exponentially, with celebrities, such as Hailey Bieber, Kendall Jenner, Emily Ratajowski, and Megan Fox, among a myriad of others regularly seen wearing UGG® footwear, including the UGG® Tazz®.

8. In 2021, Deckers introduced the UGG® Tazz®, marketed and featuring the design elements protected under the Tazz® Trade Dress. Tazz® is a registered trademark in the United States owned by Deckers (Reg. No. 7,544,905).

**Defendants**

9. Defendants are individuals or business entities of unknown makeup who own and/or operate the e-commerce stores under at least the Seller Aliases and/or other seller aliases not yet known to Deckers. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations.

10. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). If Defendants provide additional credible information regarding their identities, Deckers will take appropriate steps to amend the Complaint.

11. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through at least the operation of its fully interactive e-commerce stores operating under the Seller Aliases.

## IV. DEFENDANTS' INFRINGEMENT OF THE TAZZ® TRADE DRESS

12. Defendants have targeted sales to Illinois residents by setting up and operating an e-commerce stores that target United States consumers using the Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents of Illinois in the same transaction, occurrence, or series of transactions or occurrences. True and correct copies of screenshot printouts showing the e-commerce stores operating under the Seller Aliases selling the Infringing Products are attached as **Exhibit 1**.

13. Deckers has not granted any of the Defendants a license nor given Defendants any form of permission to use the Tazz® Trade Dress.

14. On information and belief, Defendants are well aware of the fame and strength of the Tazz® Trade Dress and the goodwill associated therewith.

15. On information and belief, Defendants have acted in bad faith and Defendants' unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Infringing Products with Deckers, and/or the origin, sponsorship, or approval of the Infringing Products by Deckers.

## COUNT I
### Trade Dress Infringement – 15 U.S.C. § 1125(a)

16. Deckers hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

17. Since 2021, Deckers has sold the UGG® Tazz®, marketed and featuring the design elements protected under the Tazz® Trade Dress. The Tazz® Trade Dress is unique and inherently distinctive, and is comprised of the following non-functional elements:

a) An embroidered braid around the opening of the upper;

b) A raised prominent seam on the front part of the upper running longitudinally down the center of the upper;

c) A raised and rounded dome shaped toe;

d) A brushed suede-like exterior; and

e) A thick, platform outsole.

18. The Tazz® Trade Dress, which is a composite of the above-referenced features, is non-functional in its entirety, visually distinctive, and unique in the footwear industry. Examples of its distinctive appearance as a whole are shown below:



19. The design of the Tazz® Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the shoe. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Tazz® Trade Dress. The combination of features comprising the Tazz® Trade Dress provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the UGG® Tazz®, the embodiment of the Tazz® Trade Dress, as a distinct product originating solely from Deckers.

20. The UGG® Tazz®, the embodiment of the Tazz® Trade Dress, is one of the most well-recognized and commercially successful styles of UGG® brand of footwear products, having been featured in many of Deckers' advertising and promotional materials as well as in various

trade publications. The UGG® Tazz® has received a large volume of unsolicited media attention, for example, through various celebrities seen wearing the UGG® Tazz® and graced the pages of many popular magazines nationwide and internationally.

21. Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the UGG® brand and its line of footwear embodying the Tazz® Trade Dress. Deckers spends millions of dollars annually on advertising of UGG® products, including footwear embodying the Tazz® Trade Dress.

22. Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' Tazz® Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. Indeed, Deckers has sold millions of dollars' worth of UGG® Tazz®, the embodiment of the Tazz® Trade Dress. Accordingly, the Tazz® Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the exclusive source of footwear featuring said trade dress.

23. Upon information and belief, Defendants are competitors of Deckers and Defendants introduced Infringing Products into the stream of commerce in an effort to exploit Deckers' goodwill and the reputation of the UGG® Tazz®.

24. The Infringing Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bear confusingly similar reproductions of the Tazz® Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship, or approval by Deckers of the Infringing Products.

25. Defendants' use of the Tazz® Trade Dress is without Deckers' permission or authorization, and in total disregard of Deckers' rights to control its intellectual property. There

are numerous other shoe designs in the footwear industry, none of which necessitate copying or imitating the Tazz® Trade Dress.

26. Defendants' use of the Tazz® Trade Dress is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Infringing Products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Deckers.

27. As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Deckers is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts.

28. Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Deckers for the harm caused by Defendants' infringement, which is ongoing. Accordingly, Deckers is entitled to injunctive relief prohibiting Defendants from continuing to infringe the Tazz® Trade Dress, or any designs confusingly similar thereto.

**COUNT II**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510, *et seq.*)**

29. Deckers hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. Defendants are engaged in acts violating Illinois law including, but not limited to, passing off its Infringing Products as those of Deckers, causing a likelihood of confusion and/or misunderstanding as to the source of its goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine UGG® Products,

representing that its products have Deckers' approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

31. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

32. Deckers has no adequate remedy at law, and Defendants' conduct is causing Deckers to suffer damage to its reputation and associated goodwill. Unless enjoined by the Court, Deckers will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Deckers prays for judgment against Defendants as follows:

1) That Defendants infringed the Tazz® Trade Dress;

2) That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. copying the Tazz® Trade Dress in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine UGG® Product;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine UGG® Product or any other product produced by Deckers, that is not Deckers' or not produced under the authorization, control or supervision of Deckers and approved by Deckers for sale under the Tazz® Trade Dress;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Deckers, or are sponsored by, approved by, or otherwise connected with Deckers;

d. further infringing the Tazz® Trade Dress and damaging Deckers' goodwill;

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Deckers, nor authorized by Deckers to be sold or offered for sale, and which infringe upon any of Deckers' trademarks or trade dress, including the Tazz® Trade Dress, or any reproductions, counterfeit copies or colorable imitations thereof;

   f. aiding, abetting, contributing to or otherwise assisting anyone in infringing upon the Tazz® Trade Dress; and

   g. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (f), above;

3) That Defendants recall from any distributors and retailers and to deliver to Deckers for destruction any Infringing Products, including the means of making such products;

4) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Deckers a written report under oath setting forth in detail the manner in which Defendants have complied with Paragraph 1, (a) through (g), above;

5) That Defendants account for and pay to Deckers all damages and profits (including as provided by 15 U.S.C. § 1117 and by common law) realized by Defendants by reason of Defendants' unlawful acts herein alleged.

6) That Deckers be awarded its reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

Dated this 27th day of October 2025.	Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*