## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DECKERS OUTDOOR CORPORATION,

        Plaintiff,

v.

A AO, et al.,

        Defendants.

Case No. 25-cv-13065

**Judge Elaine E. Bucklo**

**Magistrate Judge Keri L. Holleb Hotaling**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT KIDMI'S MOTION TO LIFT ASSET FREEZE AND STAY ENFORCEMNT OF JUDGMENT

Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") responds in opposition to Defendant KIDMI's Motion to Lift Asset Freeze and Stay Enforcement of Judgment [46] (the "Motion to Stay").

**INTRODUCTION**

KIDMI's ("Defendant" or "KIDMI") Motion to Stay seeks duplicative relief already requested in its Motion to Vacate Default Judgment [42] ("Motion to Vacate"), but on an expedited basis. The issue of whether the judgment should be vacated, which will result in the injunction and asset restraint being lifted, is already being litigated through Defendant's Motion to Vacate. Thus, there is no need to concurrently address these same issues through Defendant's Motion to Stay.

Defendant has also failed to make a showing that it is entitled to a stay. For one, a stay of execution of a judgment is only available if the judgment is being appealed, not for a pending post-judgment motion. Even if such relief were available, Plaintiff has already executed the Final Judgment Order. As such, the relief requested in the Motion to Stay is moot. However, if the Court were to apply the standard governing a stay pending appeal to the circumstances of this case, Defendant has failed to show a stay is necessary because it has not demonstrated there is a likelihood of success on the merits of its Motion to Vacate and it asserts only bare allegations of irreparable harm that will result if the stay is not entered. Accordingly, Defendant's Motion to Stay should be denied.

**BACKGROUND**

Defendant is an e-commerce store operator selling footwear products in the U.S. that infringe Deckers' Tazz® Trade Dress (the "Infringing Product"). [1], ¶ 3; [31-1] at 22-24. Defendant has sold at least 11,368 units of the Infringing Product totaling $570,939.07 in revenue. [32], ¶¶ 5-6.

On February 17, 2026, the Court entered a Final Judgment Order against all remaining Defendants in this case, including against Defendant KIDMI in the amount of $570,939.07. [35]. On March 16, 2026, Plaintiff served the Final Judgment Order against Defendant on Amazon.

1

Declaration of Justin T. Joseph ("Joseph Decl.") at ¶ 2. Amazon has taken down the Infringing

Product's listing and transferred $93,547.04 from its account to Plaintiff's counsel's client trust

account as partial satisfaction of the $570,939.07 judgment. *Id*. at ¶ 3. Any additional funds that

have accumulated in Defendant's Amazon account have not yet been transferred to Plaintiff as of

the filing of this Motion.

To the extent that Amazon has restrained funds in excess of the judgment amount, it must

be due to issues between Amazon and Defendant that are unrelated to this case. Plaintiff has never

requested that Amazon freeze funds beyond the judgment amount. Regardless, on May 5, 2026,

Plaintiff contacted Amazon and clarified that any funds in excess of the judgment amount not be

restrained in connection with this case. *Id.* at ¶ 4. Specifically, Plaintiff directed Amazon to reduce

the asset restraint in connection with this case to $477,392.03 (*i.e.*, the $570,939.07 judgment

amount minus the $93,547.04 already collected). *Id.*

## ARGUMENT

I.  **THE RELIEF REQUESTED IN THE MOTION TO STAY IS NOT AVAILABLE.**

Defendant does not cite any authority that enforcement of the judgment can be stayed

because a post-judgment motion was filed. All of the cases Defendant cited in Defendant's Motion

to Stay involve parties seeking a stay pending appeal, not a post-judgment motion. *See* [47] at 3.[1]

---

[1] *Schmude v. Sheahan*, 2004 U.S. Dist. LEXIS 9513, at *2 (N.D. Ill. May 25, 2004) (denying an "Agreed Motion to Stay Enforcement of Judgment Pending Appeal Without Posting a Bond"); *Winston-Salem/Forsyth Cty. Bd. of Educ. v. Scott*, 404 U.S. 1221, 1221 (1971) (denying application for a stay pending disposition of the "board's petition for writ of certiorari to review the decision of the Court of Appeals."); *Leather Goods, Plastics & Novelty Workers' Union v. Singer Co. Piecework Control Sys.*, 84 F.R.D. 424, 424 (N.D. Ill. 1979) (granting stay of execution pending an appeal from a summary judgment order); *Bradford-Scott Data Corp. v. Physician Comput. Network*, 128 F.3d 504, 504 (7th Cir. 1997) ("The court held that defendants were entitled to a stay under the Federal Arbitration Act of the denial to enforce an arbitration clause *until the appeal* was declared frivolous or resolved.") (emphasis added); *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985) ("The district court denied Glick's motion for a stay of further

Specifically, the factors Defendant urges the Court to consider in deciding whether a stay is warranted here are specifically used to determine whether to stay a judgment pending appeal. *Carpenters Fringe Benefit Funds v. Royal Builders, Inc.*, 2008 U.S. Dist. LEXIS 94115, at *7 (N.D. Ill. June 6, 2008) ("A stay pending appeal can be granted, but only under limited circumstances. The factors to be considered in a motion of this type are…") (citations omitted). Defendant otherwise fails to provide any examples of a Court applying the same test to determine whether a stay is warranted in the context of a post-judgment motion.

This is not surprising since rulings on post-judgment motions are typically resolved faster than on appeal. For example, the Motion to Vacate was filed on March 26, 2026, and the Court set a June 5, 2026 ruling date. *See* [44]; *Cf. EEOC v. UPS*, 2013 U.S. Dist. LEXIS 81688, at *6 (N.D. Ill. June 11, 2013) ("Generally, though, in 2012 the median time lapse from the filing of a notice of appeal to the final disposition of a case was 10.3 months.").

Defendant also failed to seek a stay of the Final Judgment Order before Plaintiff executed the judgment. As such, there is nothing to be "stayed" and Defendant's request is moot. *Porco v. Trs. of Ind. Univ.*, 453 F.3d 390, 396 (7th Cir. 2006) ("failure to seek a stay of the district court's judgment before it was executed means that there is no relief this court can offer."). Pursuant to Paragraph 2 of the Final Judgment Order, Amazon enjoined the Infringing Product from being offered for sale. [35], ¶ 2; *see* [47-1], ¶ 3. In accordance with Paragraphs 3-6, Amazon restrained Defendant's financial account and transferred $93,547.04 from Defendant's account to Plaintiff's counsel's client trust account as partial satisfaction of the $570,939.07 judgment. [35], ¶¶ 3-6; *see* Joseph Decl. at ¶ 3.

Defendant's Motion to Vacate seeks the same relief requested in the Motion to Stay. Both

---

proceedings pending a decision from this court on his appeal of the May 29th order denying his motions for a default judgment and summary judgment.").

Motions also have the same ruling date set. *See* [44], [49]. The current status quo would be maintained until there is a ruling on the Motion to Vacate. *See Carpenters Fringe Benefit Funds*, 2008 U.S. Dist. LEXIS 94115, at *9 (citing *Flynn v. Sandahl*, 58 F.3d 283, 287 (7th Cir. 1995)) ("It has long been recognized that the purpose of a stay is to maintain the status quo."). Thus, staying enforcement of the Final Judgment Order is unnecessary.

## II. DEFENDANT HAS FAILED TO MEET ITS BURDEN TO ESTABLISH THAT A STAY OF EXECUTION IS WARRANTED.

Even if the Court were to find that Defendant could seek a stay of execution under the same standard for determining a stay pending appeal, Defendant has failed to meet its heavy burden. *Schmude*, 2004 U.S. Dist. LEXIS 9513, at *9 ("[A] request for a stay is a request for extraordinary relief, equitable in character, and the movant bears a heavy burden.") (citing *Scott,* 404 U.S. at 1231). "The United States Supreme Court has set forth the general factors regulating the issuance of a stay pending appeal: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies.'" *Schmude*, 2004 U.S. Dist. LEXIS 9513, at *8 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Defendant has failed to establish that these factors favor reversing the status quo.

### A. Defendant Has Not Made a Strong Showing It Will Be Successful on the Merits.

Defendant's Motion to Stay does not mention that it delayed filing the underlying Motion to Vacate for over a month. Defendant's reasons for its delay do not justify relief under Fed. R. Civ. P. 60(b). *See* [52] at 3-5; *see also Casio Comput. Co. v. Noren*, 35 F. App'x 247, 251 (7th Cir. 2002) ("to be reasonable a delay ought to have a good explanation"); *see also Planet Corp. v. Sullivan*, 702 F.2d 123, 126 (7th Cir. 1983) (quoting with approval *Ashford v. Steuart*, 657 F.2d

4

1053, 1055 (9th Cir. 1981) (30 days held unreasonable when movant offered no explanation for his failure to challenge the ruling in question on direct appeal); *Di Vito v. Fid. & Deposit Co.*, 361 F.2d 936, 939 (7th Cir. 1966) ("equity aids the vigilant."). As further demonstrated in Plaintiff's Response to the Motion to Vacate [52], Defendant has not established a meritorious defense nor shown that service was improper and, therefore, cannot satisfy the requirements for relief under Rule 60(b). Plaintiff incorporates the arguments it made in its Response to the Motion to Vacate [52] herein by reference.

Defendant relies on the District Court decision in *Deckers v. Romeo & Juliette*, No. 2:25-cv-04220-RGK-SK, 2026 U.S. Dist. LEXIS 66958 (C.D. Cal. Mar. 20, 2026). However, this decision does not have any effect on the merits of Defendant's Motion to Vacate. *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1124 (7th Cir. 1987) ("District judges in this circuit must not treat decisions *by other district judges*, in this and *a fortiori* in other circuits, as controlling… Such decisions will normally be entitled to no more weight than their intrinsic persuasiveness merits.") (emphasis in original). The *Romeo* decision is a partial summary judgment order, is non-precedential, and is currently on appeal. *See Deckers Outdoor Corp. v. Next Step Group, Inc., et al.*, No. 23-cv-2545 (Dkt. No. 195) (S.D.N.Y. Apr. 15, 2026) (unpublished) (denying Decker's request for a stay pending the appeal in the *Romeo* matter because "the case has not even been resolved in the district court" and "there is no guarantee that a decision from the Ninth Circuit will simplify the issues here because, although persuasive, a decision would not be binding on any court in this Circuit.").

Defendant has still failed to establish "good cause" for its default and that it took "quick action to respond to the default," as required by Rule 60(b)(1). *Acosta v. DT & C Glob. Mgmt.,*

5

*LLC*, 874 F.3d 557, 560 (7th Cir. 2017). Accordingly, Defendant has not established a strong likelihood of success on the merits of its Motion to Vacate.

**B. Defendant has Failed to Establish Irreparable Harm.**

Defendant's bare assertions of harm are insufficient to show it is being irreparably harmed. [47] at 4-5; *Mobile Motherboard Inc. v. AIOEXPC*, 2025 U.S. Dist. LEXIS 99861, at \*10 (N.D. Ill. May 27, 2025) ("Bare assertions of harm are not enough to show irreparable injury."). For example, Defendant asserts "[e]ach day that the product remains 'unavailable,' because of the freeze of KIDMI's account, erodes the brand equity and the trust that KIDMI has developed with its customers." [47] at 4. Defendant further alleges that "[e]very day KIDMI's Amazon account is frozen further damages its market share and its standing among the numerous competitors who also sell suede platform slippers." [47] at 4-5. These allegations lack evidentiary support and are insufficient to establish irreparable harm. *Mobile Motherboard*, 2025 U.S. Dist. LEXIS 99861, at \*10 ("The mere possibility or speculation of harm is insufficient; there needs to be some evidence of the harm."); *see, e.g.*, *Philips N.V. v. Thales Dis Ais USA LLC*, 39 F.4th 1377, 1380 (Fed. Cir. 2022) (finding the defendant's evidence of harm was conclusory and that it failed to meet its burden of establishing likely irreparable harm because "Thales did not present any evidence that it lost customers, had customers delay purchases, or struggled to acquire new business because of the ongoing ITC proceedings.").

Defendant also alleges quantifiable injury that it incorrectly characterizes as irreparable harm. Defendant alleges "[t]he product has been suspended for over a month resulting in a loss of $34,506 in sales and $5,661.90 in profits." [47] at 4. Defendant further alleges that "[t]he freeze results in an average weekly cash flow loss of $223,792 for KIDMI." [47] at 5. Since these alleged harms have been quantified, they are not irreparable. *Mobile Motherboard*, 2025 U.S. Dist. LEXIS

6

99861, at *10 ("To show irreparable harm, the alleged injury must be non-quantifiable and not adequately able to be compensated—no monetary damages could address the harm."). Accordingly, Defendant has failed to establish it is being irreparably harmed.

### C. Plaintiff Will Be Substantially Injured by a Stay of Execution.

On the other hand, lifting the injunction would substantially harm Plaintiff. This would allow a high-volume, lower-priced infringing product to reenter the market and compete with the UGG® Tazz®. Plaintiff has rights in the Tazz® Trade Dress, including the right to exclusive use of the trade dress in commerce and the right to prevent infringement. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) ("The purpose of trademark protection is to identify the source of a good or service to consumers. Trademark law does this by granting the owner of a mark the right to prevent others from using the mark in a way that is likely to cause confusion.") (citation omitted); *Louis Vuitton S.A. v. Pun Yang Lee*, 875 F.2d 584, 589 (7th Cir. 1989) ("It is not inequitable to enforce one's legal rights."). As demonstrated in Figure 1 below, Defendant's Infringing Product copies every element claimed in the UGG Tazz® Trade Dress and is not a "value priced alternative[]" as alleged by Defendant. [47] at 5-6.

| Tazz® Trade Dress<br>[1] at ¶ 18 | Defendant's Infringing Product<br>[31-1] at 22-24 |
|---|---|
|  | |

*Figure 1*

Defendant is not a small seller. Defendant has sold at least 11,368 units of the Infringing Product totaling $570,939.07 in revenue. [32], ¶¶ 4-5. According to the Defendant, it has lost $34,506 in revenue as a result of the Infringing Product listing being taken down for just a little over a month. [47] at 4. Moreover, Defendant offered the Infringing Product for sale at $47.99, whereas the UGG® Tazz® is sold for $145. [31-1] at 22; Joseph Decl. at ¶ 5.

Defendant has, therefore, substantially profited off the goodwill associated with the Tazz® Trade Dress by selling a near replica of the UGG® Tazz® at a substantial bargain. Allowing Defendant to reintroduce its Infringing Product into the market would undermine Plaintiff's exclusive rights and control over its Tazz® Trade Dress, resulting in substantial harm to Plaintiff.

8

**D. The Public Interest Factor Does Not Favor a Stay of Execution.**

In this case, the injury to the public is significant, and the permanent injunction is specifically intended to remedy that injury by dispelling the public confusion created by Defendant's actions. "[T]he trademark laws ... are concerned not alone with the protection of a property right existing in the individual, but also with the protection of the public from fraud and deceit." *Stahly, Inc. v. M.H. Jacobs Co.*, 183 F.2d 914, 917 (7th Cir. 1950). "In trademark infringement cases, the relevant consideration in determining whether the public interest will be disserved by the grant of an injunction is the consumer's interest in not being deceived about the products they purchased." *Tory Burch LLC v. P'ships,* 2013 U.S. Dist. LEXIS 43173, at *24 (N.D. Ill. Mar. 27, 2013).

Here, Defendant alleges that "[a]mongst the biggest public harms is to consumers who would be deprived of a competitive alternative to the Deckers' product." [47] at 7. As demonstrated by Figure 1, Defendant is not offering an alternative; it is offering an exact copy of the UGG® Tazz®. There are plenty of alternative designs for slippers and clogs available that do not require appropriating the elements of the Tazz® Design. As such, the public is best served by prohibiting the sale of the Infringing Product that is likely to mislead consumers.

Additionally, Defendant provides no support for its contention that there is a "public interest in not having large companies exert pressure on smaller competitors." [47] at 7. Plaintiff has rights in the Tazz® Trade Dress and it can seek to enforce its rights regardless of the size of the infringer. *Louis Vuitton*, 875 F.2d at 589 ("The Lanham Act was not written by Robin Hood."). Accordingly, the public interest is best served by denying Defendant's request to stay execution.

### III. THE ASSET RESTRAINT REMAINS NECESSARY TO PRESERVE PLAINTIFF'S EQUITABLE RIGHT TO AN ACCOUNTING OF PROFITS.

In the Final Judgment Order, a profit award was entered against Defendant in the sum of $570,939.07 pursuant to 15 U.S.C. § 1117(a). [35], ¶ 3. This judgment figure is derived from the sales data Amazon provided that showed Defendant had sold at least 11,368 units of the Infringing Product totaling $570,939.07 in revenue. [32], ¶¶ 5-6. Pursuant to Section 1117(a), Plaintiff satisfied its burden of proving Defendant's Infringing Product revenue. *See Dyson Tech. Ltd. v. David 7 Store,* 132 F.4th 526, 529 (7th Cir. 2025) ("The Act presumes that the infringing defendant's sales (that is, revenue) and profits are the same thing, until the defendant proves otherwise."); *see also WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. Ill. 2008) ("[t]he burden was therefore on [defendant] to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks.").

Since entry of the Final Judgment Order, Plaintiff has collected $93,547.04 from Defendant's Amazon account. Joseph Decl. at ¶ 2. This is less than 20% of the $570,939.07 award of Defendant's profits. Thus, the asset restraint remains necessary in order for Plaintiff to recover the remaining profit award. "[T]he Court unquestionably has authority to freeze assets to preserve an equitable accounting of profits…." *Johnson & Johnson v. Advanced Inventory Mgmt*., 2020 U.S. Dist. LEXIS 248831, at *8 (N.D. Ill. July 20, 2020); *see also*, *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (affirming asset restraint in a case under the Cable Communications Policy Act where plaintiff sought "either statutory damages, actual damages, or an accounting and profits remedy."). Defendant's Amazon account is the only asset Plaintiff has identified. *See also See Soc'y of Lloyd's v. Estate of McMurray*, 274 F.3d 1133, 1135 (7th Cir. 2001) ("A district court may, however, summarily compel the application of discovered assets to satisfy a judgment."). If the asset restraint is lifted, Defendant will likely disregard its

10

responsibilities and fraudulently transfer financial assets to overseas accounts. Accordingly, the asset restraint should remain in place until Defendant has fully satisfied the judgment. On May 5, 2026, Plaintiff directed Amazon to reduce the asset restraint to $477,392.03, *i.e.*, the $570,939.07 judgment amount minus the $93,547.04 already collected. Joseph Decl. at ¶ 4.

### A. If the Court Deems the Entire Asset Restraint Should be Lifted, Defendant Should be Required to Post Bond.

The current asset restraint will maintain the status quo until there is a ruling on the Motion to Vacate. However, if the Court finds all the funds in Defendant's account should be unfrozen, then Defendant should be required to post bond to preserve the judgment amount.[2] If the asset restraint is lifted, then Defendant can withdraw all the funds it has available in its Amazon account, which is the only U.S. based asset Plaintiff can enforce the judgment against. The collection process would then be significantly more complex as Plaintiff would have to seek to discover additional U.S. assets (which most likely do not exist), and it is unclear whether Chinese courts would enforce the judgment on any China-based assets.

Defendant has also made no showing that it has historically been able to satisfy judgments or that it has the ability to satisfy a judgment. *Cf. Dillon v. Chicago*, 866 F.2d 902, 905 (7th Cir. 1988) ("The City submitted affidavits…outlining the mode of payment of employment discrimination judgments against the Chicago Police Department. The entire process of payment of the judgment and fees and costs should take less than thirty days, and is guaranteed to be paid from the Corporate Payroll Fund of the City of Chicago."). If the judgment is upheld, Defendant

---

[2] Defendant argues that it does not need to post a bond if a stay of execution were entered. *See* [47] at 8-11. The cases cited by Defendant all concern whether a supersedeas bond is necessary for a stay pending appeal. *See, e.g., Dillon v. City of Chicago,* 866 F.2d 902, 904-05 (7th Cir. 1988). As previously argued, Defendant's request for a stay is not proper while a post-judgment motion is pending. *Supra*, at 2-4.

argues that Plaintiff should simply just ask Amazon to initiate an asset restraint and transfer again ([47] at 9), *i.e.*, Defendant will not take any action itself to satisfy the judgment.

Accordingly, if the Court deems it is necessary to unfreeze the whole account, then Defendant should be required to post a bond in the amount of $477,392.03. Defendant's argument that the bond should not exceed $90,000 should be dismissed. [47] at 10. The current judgment amount is $570,939.07, which Plaintiff proved was Defendant's revenue from the sale of the Infringing Product. *See* [32], ¶¶ 5-6; *Dyson*, 132 F.4th at 529 ("Dyson provided uncontested evidence of revenue, which suffices as profits when assessing Dyson's recovery under the Lanham Act."). This is the active judgment amount, and Defendant's conclusory assertion that its profits total "just under $90,000" has no effect on the potential bond amount. *WMS Gaming*, 542 F.3d at 609 ("Courts consistently find that when a trademark plaintiff offers evidence of infringing sales *and the infringer fails to carry its statutory burden to offer evidence of deductions*, the plaintiff's entitlement to profits under the Lanham Act is equal to the infringer's gross sales.") (emphasis added).

## CONCLUSION

Defendant cites no authority permitting a stay of execution of a judgment while a post-judgment motion is pending. Regardless, the requested relief is moot considering Plaintiff has already executed the Final Judgment Order. Even if a stay were available to Defendant, it has failed to meet its heavy burden showing a stay is warranted. Additionally, the asset restraint remains necessary to maintain the status quo until there is a ruling on the Motion to Vacate. Accordingly, Defendant's Motion to Stay should be denied.

Dated this 5th day of May 2026.   Respectfully submitted,

<u>/s/ Justin R. Gaudio</u>
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically notify all counsel of record.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*

14